IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TUREAN T. JOHNSON,**

    Petitioner,

v.                                                     Civil Action No. **3:24CV303 (RCY)**

**CHADWICK DOTSON,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the County of Northumberland, Virginia ("Circuit Court"). By Memorandum Order entered on November 12, 2024, the Court directed Petitioner to show cause why his action is not barred by the relevant statute of limitations. ECF No. 17. Petitioner has responded. ECF No. 18. For the reasons set forth below, the § 2254 Petition will be DENIED as barred by the statute of limitations.

## I. BACKGROUND

**A. The November 12, 2024 Memorandum Order**

The Magistrate Judge stated the following in the November 12, 2024 Memorandum Order:

> Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:
> 
>     **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
>         **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    **(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    **(C)**   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    **(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **2.**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Rule 5(b) of the Rules Governing § 2254 Cases requires the Respondent to state, *inter alia*, "whether any claim in the petition is barred by the barred by . . . a statute of limitations."  Rule 5(b), Rules Governing § 2254 Cases in the U.S. District Courts.  In his response to the § 2254 Petition, Respondent failed to address the fact that it appears that all of the claims in the § 2254 Petition are barred by the statute of limitations.  Nevertheless, the Court can raise the issue *sua sponte*, provided it gives Petitioner notice and an opportunity to respond.  *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002).

Petitioner was convicted in the Circuit Court of possession with intent to distribute and distribution of cocaine, after having been convicted of two or more like offenses, one count of felony eluding police, and two counts of possession of a controlled substance. (ECF No. 8-7, at 379–80.)  Petitioner appealed. (*Id.* at 380.)  On August 27, 2020, the Supreme Court of Virginia refused Petitioner's petition for appeal. (*Id.*)

On August 2, 2021, Petitioner filed his state petition for a writ of habeas corpus in the Circuit Court. (*Id.*)  On September 7, 2022, the Circuit Court denied the state petition for a writ of habeas corpus. (*Id.* at 415.)  Petitioner appealed.  On May 15, 2023, the Supreme Court of Virginia refused Petitioner's petition for appeal. (ECF No. 8-6, at 30.)

On April 11, 2024, Petitioner placed his § 2254 Petition in the prison mail system for mailing to this Court.[1]  (ECF No. 1, at 17.)  In his § 2254 Petition, Petitioner contends that he is entitled to relief upon the following grounds:

---

[1] This is the date that Petitioner swears that he placed federal habeas petition in the prison mailing system. (ECF No. 1, at 10.)  The Court deems the § 2254 Petition filed as of that date.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

| | |
|---|---|
| Claim One | Ineffective Assistance of Counsel. "Trial counsel never informed Johnson of any plea offer[] by the special prosecutor. Johnson became aware that a plea was offered after trial. Johnson was not aware of the terms of the plea until Johnson filed a habeas corpus in the Circuit Court where Johnson received a[n] affidavit from special prosecutor." (ECF No. 1, at 7.) |
| Claim Two | "Trial counsel failed to challenge venue during trial." (*Id.* at 9.) |
| Claim Three | "Appellate counsel failed to argue on direct appeal defendant's motion to set-aside jury's verdict that the trial court's subject matter jurisdiction had not been proved." (*Id.* at 10.) |

Under 28 U.S.C. § 2244(d)(1)(A), Petitioner's convictions became final on Monday, January 25, 2021, when the time for filing a petition for a writ of certiorari with the Supreme Court of the United States expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).[2] The limitation period began to run the next day, and ran for 188 days, until Petitioner filed his state petition for a writ of habeas corpus with the Circuit Court on August 2, 2021. *See* 28 U.S.C. § 2244(d)(2).

The statute of limitations began to run again on May 15, 2022, when the Supreme Court of Virginia refused Petitioner's petition for appeal from the Circuit Court. *Id.* The limitation period ran for another 331 days before Petitioner filed his § 2254 Petition. Because the limitation period ran for 519 days, the action is barred by the statute of limitation period unless Petitioner demonstrates an entitlement to a belated commencement of limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or an equitable exception renders his § 2254 Petition timely. Neither Petitioner nor the record suggest any circumstance that would render his § 2254 Petition timely.[3]

---

[2] On March 19, 2020, the Supreme Court of the United States extended the time for filing a petition for a writ of certiorari from 90 days to 150 days in light of the COVID-19 pandemic. *See United States v. Spencer*, No. 22-6773, 2022 WL 17660979, at *1 (4th Cir. Dec. 9, 2022) (citation omitted). "The Supreme Court rescinded this order on July 19, 2021 . . . ." *Id.* at *1 n.2.

[3] The Court notes that the record does not suggest that Petitioner is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D) for Claim One, where Petitioner contends that counsel failed to inform him a plea offer from the special prosecutor. The record, however, indicates that Petitioner was aware of the facts supporting this claim, or could have discovered the relevant facts prior to the conclusion of his direct appeal. (ECF No. 8-7, at 407–08 (alteration in original) (emphasis added) ("Johnson claims that his trial counsel informed him '**two months after trial**," that there "in fact was a plea [offer] somewhere between 10 [years].").

3

> Accordingly, within thirty (30) days of the date of entry hereof, Petitioner is DIRECTED to show why the action should not be dismissed as barred by the relevant statute.

ECF No. 17, at 1–4 (alteration and footnotes in original).

### B. Petitioner's Response and Motion to Amend

Petitioner contends that "[b]ecause the Respondent failed to pursue the issue of the statute of limitations, it's therefore waived." ECF No. 18, at 2. The Supreme Court has stated that it is "an abuse of discretion to override a State's deliberate waiver of a limitations defense." *Day v. McDonough*, 547 U.S. 198, 202 (2006). Nevertheless, the Supreme Court ultimately concluded that it is perfectly appropriate for a court to *sua sponte* raise the statute of limitations when the State fails to raise the defense from either oversight or error. *Id.* at 202–05. Accordingly, by Memorandum Order entered on December 20, 2024, the Court directed Respondent "to inform the Court whether he intentionally failed to raise the statute of limitations or merely overlooked that defense." ECF No. 19, at 1. On December 30, 2024, Respondent informed that Court "that the failure to raise the statute of limitations defense was inadvertent, and not intentional. The respondent agrees with the Court's analysis in its November 12, 2024 order." ECF No. 21, at 1.

## II. ANALYSIS

Given the above circumstances, the Court concludes that the § 2254 Petition is barred by the statute of limitations, for the reasons set forth by the Magistrate Judge in the November 12, 2024 Memorandum Order. Accordingly, the § 2254 Petition is DENIED.

Petitioner has moved to amend his § 2254 Petition to add a fourth claim, "Ineffective assistance of counsel—Trial counsel failed to appeal the trial court's interpretation of the 'safety valve' provision." ECF No. 15, at 1. "Where the statute of limitations bars a [claim or a] cause of action, amendment may be futile and therefore can be denied." *United States v. Pittman*, 209

F.3d 314, 317 (4th Cir. 2000) (citing *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988)).  Here, Petitioner's proposed claim is barred by the statute of limitations.  Accordingly, the Motion to Amend (ECF No. 15) will be DENIED.

### III.  CONCLUSION

The § 2254 Petition (ECF No. 1) will be DENIED.  The Motion to Amend (ECF No. 15) will be DENIED.  The action will be DISMISSED.  The Motion to Dismiss (ECF No. 6) will be DENIED AS MOOT.  A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  January 27, 2025
Richmond, Virginia